UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINIDAD PAREDES,

Petitioner,

Case Number 2:12-cv-13681
Honorable Victoria A. Roberts

v.

DAVID BERGH,

Respondent.
_______________________________________/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the Court on Petitioner Trinidad Paredes's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner pled guilty in the Sanilac Circuit Court to one count of second-degree murder, MICH. COMP. LAWS § 750.317, and he was sentenced to 31¼-to-50 years in prison. The petition claims that Petitioner's sentence violates the Eighth Amendment because he was fifteen years old and intoxicated when he committed the crime. The Court finds that Petitioner's claim is without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## I. Facts and Procedural History

The evidence presented at Petitioner's preliminary examination hearing revealed that Petitioner-who was fifteen years old at the time-spent the night of August 14, 2011, drinking, dancing, and socializing with a group of friends, including Jennifer Gonzalez. During the evening Petitioner made advances towards Gonzalez, but she rebuffed them. In the early morning hours of August 15, 2011, Petitioner was alone with Gonzalez at her home. Petitioner admitted that at some point Gonzalez slapped him. In response, Petitioner produced a knife and stabbed her in the chest,

neck, and abdomen over thirty times, killing her. A broken screen window indicated that Gonzalez attempted to escape during the attack.

Petitioner was bound-over for trial as an adult on a charge of first-degree murder. He subsequent entered into a plea bargain, and pled guilty to the reduced charge of second-degree murder. Petitioner does not challenge the voluntariness of his plea.

Following his conviction and sentence, Paredes filed a delayed application for leave to appeal in the Michigan Court of Appeals, and raised the following claims challenging his sentence:

> I. The trial court misscored PRV-6 at five points. Although the judicial guidelines considered the defendant's relationship with the juvenile justice system, the legislative guidelines do not. As there is no published authority on this issue, leave to appeal is warranted.
>
> II. A sentence at the very top of the sentencing guidelines range constitutes cruel and unusual punishment for a heavily-intoxicated, 15-year-old offender with serious mental health problems who pled guilty to second-degree murder.

The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in the grounds presented." *People v. Paredes*, No. 307140 (Mich. Ct. App. Jan. 6, 2012). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Paredes*, 491 Mich. 944 (2012) (table).

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal court to deny habeas relief with respect to any claim that was "adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to" or involved an "unreasonable application of" clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). This heightened standard presumptively applies even if the state court hearing the

petitioner's federal claim "issues an opinion that . . . does not expressly address the federal claim in question." *Johnson v. Williams*, 133 S. Ct. 1088, 1091 (2013). When this situation occurs, "the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits." *Id*.

A decision is "contrary to" clearly established federal law "if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Rather, habeas relief is warranted only when a petitioner shows that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87.

**III. Analysis**

Petitioner's federal constitutional claim alleges that his sentence constitutes cruel and unusual punishment because he was fifteen years old at the time of the offense and intoxicated. The Michigan Court of Appeals summarily rejected his claim "for lack of merit." Respondent asserts that this result did not constitute an unreasonable application of clearly established Supreme Court law.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, but a plurality of the Supreme Court has stated that "the

Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Furthermore, "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) (quoting *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir.1994)).

Juvenile defendants receive additional protection under the Eighth Amendment. In *Roper v. Simmons*, 543 U.S. 551 (2005), the Supreme Court held that the Eighth Amendment bars capital punishment for children, and in *Graham v. Florida*, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), the Court concluded that a sentence of life without the possibility of parole for a child who committed a non-homicide offense is prohibited. Finally, the Court recently held that life without the possibility of parole for juveniles is also prohibited. *Miller v. Alabama*, 132 S.Ct. 2455 183 L. Ed. 2d 407 (2012). None of these Supreme Court decisions benefit petitioner. He was not sentenced to death, his offense did involve a homicide, and he was not given a non-parolable life sentence. See, e.g., *Bunch v. Smith*, 685 F.3d 546, 553 (6th Cir. 2012).

Accordingly, the question in Petitioner's case is whether his 31¼-to-50 year sentence is "grossly disproportionate" to his crime. *Harmelin*, 501 U.S. at 1001. Although Petitioner was a juvenile and may have been intoxicated when he committed the crime, the fact remains that his offense involved a brutal, violent, and prolonged attack on a defenseless woman resulting in her untimely death. Petitioner's minimum sentence will allow him to be eligible for parole when he is approximately 46 years old, and his maximum sentence will expire when he is approximately 65 years old.

The sentencing Court explained its rationale for Petitioner's sentence as follows:

> Based upon the need to discipline you as a wrongdoer and to protect society from these kinds of activities and the need to deter you and others from committing these kinds of offenses, being hopeful that you have some potential for rehabilitation and reformation and understanding that while you may be in prison for a long, long time, Jennifer Gonzalez will never come back. She was only 24 years old, she was also young. Her children will never see her again. Her mother will never see her again. Her brother will never see her again. Her other relatives and friends will never see her again. It isn't a matter of 15 years or 30 years or 40 years or even 50 years, she's never going to be back because of what you did. So it shall be the sentence of this court based upon all those factors that you serve . . . 31 years, three months to a maximum of 50 years. . . .

Sent. Tr., pp. 32-33.

The Michigan Court of Appeals determination that the sentence did not violate the Eighth Amendment in light of this explanation did not constitute an error "beyond any possibility for fairminded disagreement." *Harrinton*, 131 S. Ct. at 786. A reasonable argument could be made that a sentence that allows a defendant to be released from prison at a relatively young age is not grossly disproportionate to the offense of murdering a young woman. Accordingly, Petitioner has failed to demonstrate entitlement to habeas relief.

**IV. Certificate of Appealability**

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of Petitioner's claims. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because an appeal could not be taken in good faith. Petitioner's pending motion to proceed on appeal in forma pauperis on appeal this Court's earlier denial of his motion to expand the record is also denied.

**V. Conclusion**

For the foregoing reasons,

(1) The petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**;

(2) **A** certificate of appealability is **DENIED**; and

(3) Permission to proceed on appeal in forma pauperis is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 9, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Trinidad Paredes by electronic means or U.S. Mail on January 9, 2014.

S/Holly A. Monda for Carol A. Pinegar
Deputy Clerk